UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

ROXANNE READMAN
8346 County Road Z
Pound, Wisconsin 54161

      Plaintiff,

v.

WAUSAUKEE RESCUE SQUAD, INC.
429 Harrison Avenue
Wausaukee, Wisconsin 54177

      Defendant

Case No.: 22-cv-1072

**JURY TRIAL DEMANDED**

# COMPLAINT

COMES NOW Plaintiff, Roxanne Readman, by her counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, alleges and shows to the Court as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws ("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant operates its business in the Eastern District of Wisconsin and the unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin.

## PARTIES AND COVERAGE

4. Plaintiff, Roxanne Readman, is an adult female resident of the State of Wisconsin with a post office address of 8346 County Road Z, Pound, Wisconsin 54161.

5. Defendant, Wausaukee Rescue Squad, Inc., was, at all material times herein, a commercial entity with a principal address of 429 Harrison Avenue, Wausaukee, Wisconsin 54177.

6. Defendant is a privately-owned ambulance service company serving Marinette County, Wisconsin.

7. During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

8. During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

9. During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

10. During the relevant time periods as stated herein, Defendant was an "employer" as that term is defined under the FLSA and the WWPCL.

11. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendant, as these terms are defined under the FLSA and the WWPCL.

12. During the relevant time periods as stated herein, Plaintiff was engaged in commerce or in the production of goods for commerce.

13. During the relevant time periods as stated herein and during Plaintiff's employment with Defendant in her EMT Lead position, Plaintiff was responsible for responding to highway accidents, providing medical care and attention to individuals and victims on the scene(s), and transporting them to local or area hospitals.

## GENERAL ALLEGATIONS

14. In approximately October 2021 or November 2021, Defendant hired Plaintiff into the position of EMT Lead.

15. During the entirety of Plaintiff's employment with Defendant, Defendant compensated Plaintiff on an hourly basis and/or with an hourly rate of pay.

16. During the entirety of Plaintiff's employment with Defendant, Plaintiff performed compensable work each workweek on Defendant's behalf, with Defendant's knowledge, for Defendant's benefit, and/or at Defendant's direction based out of Defendant's Wausaukee, Wisconsin location.

17. During Plaintiff's employment with Defendant, Defendant agreed to compensate Plaintiff with an hourly rate of pay for any and all hours worked and/or work performed in her EMT Lead position on its behalf, for its benefit, at its direction, and/or with its knowledge.

18. During the entirety of Plaintiff's employment with Defendant, Plaintiff was a non-exempt employee for FLSA and WWPCL purposes.

19. During the entirety of Plaintiff's employment with Defendant, Plaintiff worked as an hourly-paid, non-exempt employee in the position of EMT Lead at Defendant's direction, on Defendant's behalf, for Defendant's benefit, and/or with Defendant's knowledge based out of Defendant's Wausaukee, Wisconsin location.

20. During Plaintiff's employment with Defendant, Plaintiff often worked in excess of forty (40) hours per workweek.

21. During Plaintiff's employment with Defendant, Defendant knew or had knowledge that Plaintiff often worked in excess of forty (40) hours per workweek.

22. On or about August 29, 2022, Plaintiff's employment with Defendant ended.

23. During Plaintiff's employment with Defendant, Defendant compensated Plaintiff on a bi-weekly basis via check.

24. During Plaintiff's employment with Defendant, Defendant's workweek for FLSA and WWPCL purposes was Monday through Sunday.

25. During Plaintiff's employment with Defendant, Defendant maintained employment records and other documentation regarding Plaintiff hours worked and work performed each workday and each workweek.

26. During Plaintiff's employment with Defendant, Defendant maintained a centralized system for tracking and/or recording Plaintiff's hours worked and work performed each workday and each workweek.

27. During Plaintiff's employment with Defendant, Plaintiff was subject to Defendant's unlawful policy, practice, custom, and/or scheme of simply failing to compensate her at an overtime rate of pay (of one-and one-half times her regular rate(s) of pay) for all hours worked and work performed in excess of forty (40) hours in a workweek. For example, during Plaintiff's employment with Defendant, and if Plaintiff performed fifty-five (55) hours of work in any given workweek on Defendant's behalf, with Defendant's knowledge, for Defendant's benefit, and/or at Defendant's direction, Defendant simply compensated her with fifty-five (55) hours of work at her regular rate(s) of pay, as opposed to compensating her for forty (40) hours of work at her regular

rate(s) of pay and fifteen (15) hours of work at one-and one-half times her regular rate(s) of pay – resulting in Defendant failing to compensate Plaintiff at the correct and lawful overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

28. During Plaintiff's employment with Defendant, Defendant failed compensate Plaintiff at the correct and lawful overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

29. During Plaintiff's employment with Defendant, Defendant knew and/or was aware that its pay policies and practices failed to compensate Plaintiff at the correct and lawful overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

30. Also, during Plaintiff's employment with Defendant and during the workweek(s) that comprised the time period of approximately August 22, 2022, to September 4, 2022, Plaintiff performed compensable work in her EMT Lead position on behalf of Defendant, for Defendant's benefit, at Defendant's direction, and/or with Defendant's knowledge out of Defendant's Wausaukee, Wisconsin location.

31. During Plaintiff's employment with Defendant and during the workweek(s) that comprised the time period of approximately August 22, 2022, to September 4, 2022, Defendant agreed to compensate Plaintiff at her customary hourly rate of pay for any and all hours worked and/or work performed in her EMT Lead position on its behalf, for its benefit, at its direction, and/or with its knowledge.

32. During Plaintiff's employment with Defendant and during the workweek(s) that comprised the time period of approximately August 22, 2022, to September 4, 2022, Defendant did not compensate Plaintiff for any hours worked or work performed in her EMT Lead position on its behalf, for its benefit, at its direction, and/or with its knowledge.

33. During Plaintiff's employment with Defendant and during the workweek(s) that comprised the time period of approximately August 22, 2022, to September 4, 2022, Defendant suffered or permitted Plaintiff to work in her EMT Lead position without compensating her for any hours worked or work performed on its behalf, for its benefit, at its direction, and/or with its knowledge.

34. During Plaintiff's employment with Defendant and during the workweek(s) that comprised the time period of approximately August 22, 2022, to September 4, 2022, Defendant suffered or permitted Plaintiff to work in her EMT Lead position without compensating her with an effective hourly rate of at least $7.25 per hour for any and all hours worked or work performed during this time period.

35. During Plaintiff's employment with Defendant and during the workweek(s) that comprised the time period of approximately August 22, 2022, to September 4, 2022, Defendant failed to compensate Plaintiff with earned and/or agreed-upon wages.

36. During Plaintiff's employment with Defendant and during the workweek(s) that comprised the time period of approximately August 22, 2022, to September 4, 2022, Defendant suffered or permitted Plaintiff to work in her EMT Lead position without appropriately and lawfully compensating her for any and all hours worked during this time period.

37. Defendant knew or should have known that Plaintiff must be compensated for all hours worked (and for all hours Defendant suffered or permitted her to work) in a workweek in accordance with the FLSA and WWPCL.

38. Defendant had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which it was aware and/or of which it should have been aware.

39. Defendant owes Plaintiff earned and unpaid wages – including overtime wages earned during her employment with Defendant for hours worked in excess of forty (40) in a workweek, and for work performed during the workweek(s) that comprised the time period of approximately August 22, 2022, to September 4, 2022 – for which Plaintiff was not properly and lawfully compensated, in an amount that remains to be determined, in addition to liquidated damages and attorneys' fees and costs.

## **FIRST CAUSE OF ACTION – FLSA VIOLATIONS (OVERTIME PAY)**

40. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

41. Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

42. At all times material herein, Defendant was an employer of Plaintiff as provided under the FLSA, 29 U.S.C. § 201 et seq.

43. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 et seq.

44. During Plaintiff's employment with Defendant, Plaintiff primarily performed non-exempt job duties in each workweek while she was employed by Defendant and, thus, was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

45. Defendant intentionally violated the FLSA by failing to compensate Plaintiff with overtime premium pay for each hour worked in excess of forty (40) hours in a workweek.

46. Defendant's failure to properly and legally compensate Plaintiff for all compensable work performed was willfully perpetrated. Defendant has not acted in good faith and reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages as described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendant acted reasonably and with good faith in failing to pay overtime wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

47. Plaintiff is entitled to damages equal to the overtime compensation due and owing to her within the three (3) years preceding the date of filing of this Complaint, ECF No. 1, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting her claims against Defendant.

48. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

**SECOND CAUSE OF ACTION – FLSA VIOLATIONS (MINIMUM WAGES)**

49. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

50. Section 206(a)(1) of the FLSA regulates, among other things, the payment of a minimum wage by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

51. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

52. During Plaintiff's employment with Defendant, Defendant intentionally violated the FLSA by failing to compensate Plaintiff with an effective hourly rate of at least $7.25 per hour for any and all hours worked and work performed during the workweek(s) that comprised the time period of approximately August 22, 2022, to September 4, 2022.

53. Defendant's failure to properly and legally compensate Plaintiff for all compensable work performed at a minimum rate of pay was willfully perpetrated. Defendant has not acted in good faith and with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages as described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendant acted reasonably and with good faith in failing to pay minimum wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

54. Plaintiff is entitled to damages equal to the minimum wages due and owing to her within the three (3) years preceding the date of filing of this Complaint, ECF No. 1, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting her claims against Defendant.

55. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

## THIRD CAUSE OF ACTION – WWPCL VIOLATIONS (OVERTIME PAY)

56. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

57. At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

58. At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

59. At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

60. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for these activities, including at an overtime rate of pay.

61. During Plaintiff's employment with Defendant, Plaintiff primarily performed non-exempt job duties in each workweek she was employed by Defendant and, thus, was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

62. During Plaintiff's employment with Defendant, Plaintiff worked hours in excess of forty (40) per workweek for which she was not compensated with overtime premium pay in accordance with the WWPCL.

63. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's willful violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable

relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

64. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

**FOURTH CAUSE OF ACTION – WWPCL VIOLATIONS (MINIMUM WAGES)**

65. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

66. At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

67. At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

68. At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

69. During Plaintiff's employment with Defendant, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities during the workweek(s) that comprised the time period of approximately August 22, 2022, to September 4, 2022, without receiving compensation for these activities at the hourly rate of $7.25.

70. During Plaintiff's employment with Defendant, Defendant willfully and intentionally violated the WWPCL by failing to compensate Plaintiff with an effective hourly rate of at least $7.25 per hour for all hours worked during the workweek(s) that comprised the time period of approximately August 22, 2022, to September 4, 2022.

71. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

72. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

## FIFTH CAUSE OF ACTION – WWPCL VIOLATIONS
## (FAILURE TO PAY AN AGREED-UPON WAGE)

73. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

74. At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

75. At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

76. At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

77. During Plaintiff's employment with Defendant, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities during the workweek(s) that comprised the time period of approximately August 22, 2022, to September 4, 2022, without receiving compensation for these activities at her previously agreed-upon rate of pay with Defendant.

78. During Plaintiff's employment with Defendant, and in willful violation of the WWPCL, Defendant failed to compensate Plaintiff for all hours worked and work performed, including but not limited to with agreed-upon wages as defined in Wis. Stat. § 109.01(3), by failing to compensate her at her previously agreed-upon rate of pay during the workweek(s) that comprised the time period of approximately August 22, 2022, to September 4, 2022.

79. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

80. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing reimbursement for unpaid wages – including but not limited to minimum wages, regular and/or agreed-upon wages, and overtime wages – for pre-judgment and post-judgment interest, and for all times spent performing compensable work for which Plaintiff was not properly paid by Defendant under the FLSA and WWPCL;

2. Grant to Plaintiff liquidated damages against Defendant;

3. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and

4. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 16th day of September, 2022

                                                    WALCHESKE & LUZI, LLC
                                                    Counsel for Plaintiff

                                                    s/ ***Scott S. Luzi***
                                                    James A. Walcheske, State Bar No. 1065635
                                                    Scott S. Luzi, State Bar No. 1067405
                                                    David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com
E-Mail: dpotteiger@walcheskeluzi.com